**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MATTHEW J. FUSCO, | |
|    Plaintiff, | CIVIL ACTION |
| v. | |
| | COMPLAINT   1:17-cv-02935 |
| NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, | |
| | JURY TRIAL DEMANDED |
|    Defendant. | |

**COMPLAINT**

NOW COMES the Plaintiff, MATTHEW J. FUSCO, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, as follows:

**NATURE OF THE ACTION**

1.    This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION AND VENUE**

2.    Subject matter jurisdiction exists over the FDCPA claim(s) and TCPA claim(s) under 28 U.S.C. §§ 1331 and 1337.

3.    Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

## PARTIES

4.      MATTHEW J. FUSCO ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 6605 East Avenue, Hodgkins, Illinois 60525.

5.      NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING ("Defendant") is a foreign corporation formed under the laws of the State of Delaware. Defendant has a principal place of business located at 4000 Chemical Road, Suite 200, Plymouth Meeting, Pennsylvania 19462.

## FACTUAL ALLEGATIONS

6.      On December 22, 2006, Plaintiff executed a mortgage in favor of HSBC Mortgage Corporation to secure a promissory note in the amount of $270,000.00.

7.      On or about February 27, 2007, HSBC Mortgage Corporation assigned and transferred all its right, title and interest to Alternative Loan Trust 2007-6, Mortgage Pass-Through Certificates, Series 2007-6.  At the time of transfer, Countrywide Home Loans Servicing LP was the servicer of Plaintiff's mortgage loan.

8.      On October 6, 2010, a bankruptcy case concerning Plaintiff was filed under Chapter 7 of the United States Bankruptcy Code.[1]

9.      The schedules filed by Plaintiff listed Bank of America, N.A. on Schedule D - Creditors Holding Secured Claims.

10.     On February 15, 2011, Plaintiff was granted a discharge under section 727 of the United States Bankruptcy Code.

---

[1] Case No. 10-44838 (*In re Matthew J. Fusco and Christine Fusco*)

11.  Subsequently, Plaintiff experienced a loss of income, and eventually defaulted on his mortgage payments.

12.  On July 8, 2014, The Bank of New York Mellon, as Trustee filed its complaint to foreclose mortgage in the Circuit Court of Cook County.

13.  Shortly thereafter, Plaintiff retained Woerthwein & Miller to represent him in the mortgage foreclosure proceedings.

14.  Throughout 2014, Defendant persistently placed calls to Plaintiff's cellular telephone number of XXX-XXX-0769.

15.  Finally, in November 2014, Plaintiff answered and advised Defendant that he was represented by counsel, and demanded that Defendant cease placing calls to him.

16.  Notwithstanding Plaintiff's demand that Defendant cease placing calls to him, Defendant continued to place calls to Plaintiff's cellular telephone number of XXX-XXX-0769.

17.  Indeed, Defendant continued to place no less than 40 calls to Plaintiff's cellular telephone from November 2014 to present day.

18.  At all times relevant, Plaintiff was the sole operator, possessor and subscriber of the cellular telephone number of XXX-XXX-0769.

19.  At all times relevant, Plaintiff was personally financially responsible for the cellular telephone equipment and services.

20.  On November 16, 2016, Defendant sent Plaintiff a Mortgage Statement, with a payment coupon attached, which provided that the "Total Amount Due" was $96,768.28; the "Next Due Date" was December 1, 2016; and

     **You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure - the loss of your home. As of 11/16/2016, you are 1,203 days delinquent on your mortgage loan.

**Recent Account History**
- Payment due 06/01/16 unpaid balance of $82,048.78
- Payment due 07/01/16 unpaid balance of $2,453.25
- Payment due 08/01/16 unpaid balance of $2,453.25
- Payment due 09/01/16 unpaid balance of $2,453.25
- Payment due 10/01/16 unpaid balance of $2,453.25
- Payment due 11/01/16 unpaid balance of $2,453.25
- Payment due 12/01/16 current payment due
- **Total: $96,768.28 due.  You must pay this amount to bring your loan current.**

*See* Exhibit A, a true and correct copy of the November 16, 2016 Mortgage Statement.

21.     On December 17, 2016, Defendant sent Plaintiff a Mortgage Statement, with a payment coupon attached, which provided that the "Total Amount Due" was $100,355.03; the "Next Due Date" was January 1, 2017; and

**You are late on your mortgage payments.**  Failure to bring your loan current may result in fees and foreclosure - the loss of your home.  As of 12/17/2016, you are 1,234 days delinquent on your mortgage loan.

**Recent Account History**
- Payment due 07/01/16 unpaid balance of $85,635.53
- Payment due 08/01/16 unpaid balance of $2,453.25
- Payment due 09/01/16 unpaid balance of $2,453.25
- Payment due 10/01/16 unpaid balance of $2,453.25
- Payment due 11/01/16 unpaid balance of $2,453.25
- Payment due 12/01/16 unpaid balance of $2,453.25
- Payment due 01/01/17 current payment due
- **Total: $100,355.03 due.  You must pay this amount to bring your loan current.**

*See* Exhibit B, a true and correct copy of the December 17, 2016 Mortgage Statement.

4

22. Defendant's acts and omissions have resulted in severe injury to Plaintiff. Specifically, Defendant's acts and omissions are the proximate causation of Plaintiff's damages, which include, but are not limited to:

   a. Aggravation

   b. Diminished battery capacity;

   c. Diminished data space;

   d. Frustration

   e. Inconvenience;

   f. Increased usage of cellular services;

   g. Increased usage of electricity; and

   h. Invasion of privacy.

## COUNT I – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692c(a)(2)

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

25. The mortgage loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. Defendant is a "debt collector as defined by 15 U.S.C. § 1692a(6).

27. Defendant is attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. § 1692a(5).

28. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff in connection with the collection of the mortgage loan, when Defendant knew Plaintiff was represented

by Woerthwein & Miller with respect to Plaintiff's mortgage loan, and had knowledge of Plaintiff's attorney's name and address.

29.   Plaintiff may enforce the provisions of 15 U.S.C. § 1692c(a)(2) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)   any actual damage sustained by such person as a result of such failure;

(2)

     (A)   in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)   in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

a.   find that Defendant violated 15 U.S.C. § 1692c(a)(2);

b.   award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c.   grant any other relief deemed appropriate and equitable.

### COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692e(2)

30.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31.   Section 524(a)(2) of the United States Bankruptcy Code provides:

(a)   A discharge in a case under this title –

(2)    operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

32.    Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of Plaintiff's mortgage loan - the collection of which was not permitted by law at the time Defendant demanded payment, by virtue of the section 524(a)(2) of the United States Bankruptcy Code.

33.    Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(2) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

(A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

a.    find that Defendant violated 15 U.S.C. § 1692e(2);

b.    award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c.    grant any other relief deemed appropriate and equitable.

7

## COUNT III – VIOLATION OF THE FAIR DEBT
## COLLECTION PRACTICES ACT – 15 U.S.C. § 1692e(10)

34.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35.     Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect Plaintiff's mortgage loan – the collection of which was not permitted by law at the time Defendant demanded payment, by virtue of the section 524(a)(2) of the United States Bankruptcy Code.

36.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

     (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

a.     find that Defendant violated 15 U.S.C. § 1692e(10);

b.     award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c.     grant any other relief deemed appropriate and equitable.

## COUNT IV – VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. 227

37.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38.     All calls placed to Plaintiff's cellular telephone utilized an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).[2]

39.     Plaintiff is informed and believes that all calls placed to Plaintiff's cellular telephone utilized a predictive dialer.[3] [4]

40.     Plaintiff is informed and believes that the predictive dialer utilized by Defendant dials a list of telephone numbers and connects answered calls to agents – based upon the brief pause at the outset of the call.

41.     All calls placed to Plaintiff's cellular telephone were not made for emergency purposes or placed with prior express consent of Plaintiff, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

42.     The foregoing acts and omissions of Defendant constitute multiple and numerous violations of the Telephone Consumer Protection Act, including but not limited to each and every one of the above cited provisions of 47 U.S.C. 227 *et seq.*

---

[2] An automatic telephone dialing system means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such number.

[3] "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

[4] "When evaluating the issue whether equipment is an automatic telephone dialing system, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

43. As provided above, Defendant's unfair acts and omissions resulted in severe injury to Plaintiff.

44. As a result of Defendant's violations of 47 U.S.C. 227 *et seq*. Plaintiff is entitled to receive $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).  What is more, as a result of Defendant's *knowing and willful violations* of 47 U.S.C. 227, Plaintiff is entitled to receive $1,500.00 in treble damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff requests the following relief:

a. find that Defendant violated 47 U.S.C. § 227;

b. award statutory damages of at least $500.00, and treble damages of $1,500.00, for each and every violation; and,

c. grant any other relief deemed appropriate and equitable.

**Plaintiffs demand trial by jury.**

April 19, 2017                                                                Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
+1 630-575-8181
jdavidson@sulaimanlaw.com

*Counsel for Matthew Fusco*

10